UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR OMAR QUIRINO CONTRERAS, A-221-060-104,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | No. 1:26-cv-5710 DAD AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner has also filed a motion for judgment on the pleadings. ECF No. 10. For the reasons discussed below, the undersigned recommends that petitioner's motion be granted, the petition for writ of habeas corpus be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner without providing notice and a pre-detention hearing.

I. Factual Background

Petitioner is a native and citizen of Mexico who entered the United States without inspection in or around 2001 and has continuously resided in the United States since then. ECF No. 1 (Verified Amended Petition) at 5-6, 8. On May 31, 2026, petitioner was encountered by Immigrations and Customs Enforcement ("ICE") following his arrest by local law enforcement in

Hutchins County, Texas for driving while intoxicated. ECF No. 6-1 at 2.

According to the documents submitted by respondent, petitioner was served on May 31, 2026, with a Warrant for Arrest of Alien (Form I-200) and a Notice to Appear charging him as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1182(a)(6)(A)(i)) as "an alien present in the United States without being admitted or paroled." ECF Nos. 6-3, 6-4 at 1. Respondent also submitted a Notice of Custody Determination (Form I-286), dated August 6, 2026, which reflects that an immigration officer determined pursuant to INA § 236 (8 U.S.C. § 1226) that petitioner would remain detained pending removal proceedings. ECF No. 6-5. In the section stating that the contents of the notice were read to petitioner, the form bears a handwritten first initial and last name of a deportation officer different from that printed on the form, and no signature. Id. The form reflects that petitioner requested an immigration judge review of this custody determination, but petitioner has remained detained without a custody hearing. Id.; ECF No. 8 at 2. Petitioner is currently detained at the Central Valley Annex. ECF No. 1 at 2, 4-5.

II. Procedural History

On July 22, 2026, the court received the petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges petitioner's detention. ECF No. 1.

Respondents were directed to respond to the petition and required to

> substantively address whether there are any factual or legal issues that materially distinguish [this case] from the court's prior orders in Rivas Garcia v. Current or Acting Field Director, No. 1:26-cv-03245-DAD-SCR, 2026 WL 1265937 (E.D. Cal. May 7, 2026) . . . Guillermo R.R. v. Warden of the California City Correctional Center, No. 1:26-cv-01991-TLN-CKD, 2026 WL 1113795 (E.D. Cal. Apr. 24, 2026), and other similar cases previously decided by this court.

ECF No. 5. Respondents filed their response, and petitioner filed a traverse. ECF Nos. 6, 8. Petitioner subsequently filed a motion for judgment on the pleadings. ECF No. 10.

////

////

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Overview

The petition asserts that petitioner's detention without a custody hearing violates his substantive and procedural due process rights under the Fifth Amendment Due Process Clause. ECF No. 1 at 2, 7-15. By way of relief, the petition seeks petitioner's immediate release from custody with all his personal property. Id. at 15-16. Petitioner further requests that the court declare that petitioner's detention was in violation of the Fifth Amendment, award reasonable attorney's fees and costs, and grant any other and further relief deemed just and proper. Id.

In response, respondents state that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A) . . . and "respectfully maintain the position that such provision governs here." ECF No. 6. Respondents concede, however, that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), held that 8 U.S.C. § 1226 governs petitioner's detention and assert that he "is therefore entitled to seek a custody redetermination hearing before an immigration judge." Id.

In his traverse, petitioner argues that respondents "cannot be allowed to shift between two mutually inconsistent detention provisions to continue to deprive [him] of his liberty" by

detaining him pursuant to 8 U.S.C. § 1226(a) and then relying on 8 U.S.C. § 1225(b)(2)(A) to continue to detain him without process. ECF No. 8 at 2-4. Petitioner further asserts that respondents' suggestion that he is entitled to seek a custody redetermination hearing ignores the fact that he has already requested one, as reflected on the form submitted by respondents, and a future bond hearing would not effectively remedy his unlawful detention. Id. at 3, 5-6.

B. True Cause of the Detention

The federal habeas statute states that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. As to the substance of the response, Section 2243 directs that "[t]he person to whom the writ or order is directed shall make a return certifying the true cause of the detention." Id.

In its return to the petition, respondents state that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A), and Respondents respectfully maintain the position that such provision governs here." ECF No. 6. Yet respondents also produced—without any argument or explanation—documents that contradict this assertion, and support a finding that petitioner was arrested and detained pursuant to the discretionary detention framework under 8 U.S.C. § 1226(a). Id.; see also ECF Nos. 6-4, 6-5. Given respondents' unexplained presentation of evidence that conflicts with their asserted basis for detention, the undersigned cannot find that respondents have "certif[ied] the true cause of the detention," as required by 28 U.S.C. § 2243. While this alone may be sufficient grounds to grant the writ of habeas corpus and order a termination of petitioner's detention, the undersigned proceeds to address petitioner's argument that his detention violated his due process rights.

C. Violation of the Fifth Amendment Procedural Due Process Clause

As noted above, the court's briefing order directed a response to the petition and that respondents substantively address whether this case is materially distinguishable from Rivas Garcia, Guillermo R.R., and other similar cases. ECF No. 5. In those cases, noncitizens similarly asserted a violation of their due process rights based on their detention without the procedures

afforded by 8 U.S.C. § 1226(a). Rivas Garcia, 2026 WL 1265937, at *1; Guillermo R.R., 2026 WL 1113795, at *2. In each, the court found that the noncitizens, who had lived and established meaningful ties within the United States, had a liberty interest in their freedom from detention, and that procedural due process required, at minimum, notice and an opportunity for a hearing before a neutral arbiter to justify their continued detention. Rivas Garcia, 2026 WL 1265937, at *3-4; Guillermo R.R., 2026 WL 1113795, at *3-5. Because the petitioners were not afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining them absent compliance with specific pre-deprivation procedural protections. Rivas Garcia, 2026 WL 1265937, at *5; Guillermo R.R., 2026 WL 1113795, at *5.

In their response here, respondents do not reference or present any facts to distinguish this case from Rivas Garcia and Guillermo R.R. Rather, respondents contend that petitioner was mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but concede that the Ninth Circuit's subsequent holding in Rodriguez Vazquez established that § 1226(a) governs petitioner's detention. ECF No. 6.

Pursuant to the above-cited cases, and as the undersigned recently set forth in Garcia Flores and Ramirez Godinez, when a noncitizen has established a liberty interest in remaining free from custody and is entitled to the procedural protections of § 1226(a), it is a violation of the noncitizen's procedural due process rights for the government to detain the noncitizen without providing those procedures. Garcia Flores v. Warden, No. 1:26-cv-5387 DC AC, 2026 WL 2494915, at *3-4 (E.D. Cal. Aug. 25, 2026) (applying the analytical framework of Mathews v. Eldridge, 424 U.S. 319 (1976), and finding petitioner's detention violated procedural due process); Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *2-5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (same). The undersigned adopts and incorporates the reasoning in these cases and on this record finds: (1) petitioner has a protected liberty interest in remaining free from unlawful detention and a substantial private interest in his freedom from detention in light of the life he has built in the United States for over two decades; (2) the risk of erroneous deprivation and the probative value of additional procedural safeguards

is high and concerning because petitioner is entitled to the procedures under 8 U.S.C. § 1226(a), including a prompt custody redetermination hearing, and has not been afforded these procedures; and (3) that, although the government has an interest in enforcing its immigration laws, its interest in detaining petitioner without the procedural safeguards to which he is entitled under § 1226(a) is minimal, if it exists at all. The undersigned therefore recommends that the petition be granted on petitioner's procedural due process claim.[1]

The undersigned further finds that the appropriate remedy is petitioner's immediate release from immigration detention, as a post-deprivation hearing would be inadequate to cure the due process violation in this case. Petitioner has been detained for over four months, yet respondents urge that petitioner is now "entitled to seek a custody redetermination hearing before an immigration judge." Id. However, respondents produced with their response a Notice of Custody Determination, which was served on petitioner more than two months after he was detained, and which reflects that petitioner *did* request a custody redetermination hearing before an immigration judge. ECF. No. 6-5. Despite this request, petitioner states that he was never provided with such a hearing, and respondents have produced no evidence that it has occurred. ECF No. 8 at 3.

As this court recently explained, a noncitizen detained under 8 U.S.C. § 1226(a) is entitled to a number of procedural protections, including "that an ICE officer with designated authority conduct an initial custody determination *at the outset of detention*, wherein the noncitizen has an opportunity to 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding'" and "the right to seek review of an ICE officer's initial custody determination through a *prompt bond hearing* before an immigration judge." Zurita Navarro v. Warden, Central Valley Annex Detention Facility, No. 1:26-cv-05661 DAD SCR, 2026 WL 2294963, at *1-2 (E.D. Cal. Aug. 9, 2026) (citing Garcia-Maya v. Blanche, 2026 WL 1965886, at *5 (D. Nev. July

---

[1] Because relief is appropriate on petitioner's procedural due process claim, the court declines to address petitioner's substantive due process claim, which seeks the same or similar relief (*i.e.*, petitioner's immediate release).

7, 2026)) (emphasis added). The court reasoned that the government's failure to provide a noncitizen with any one of the procedures to which they are entitled under 8 U.S.C. § 1226(a) "would serve as a basis for an order requiring the release of petitioner." Id. at *2. This is because "failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." Id. (citing J.T.G. v. Genalo, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026)). Accordingly, the undersigned finds that a post-deprivation hearing more than four months after petitioner's detention would be an inadequate remedy for the due process violation produced by the government's failure to provide these procedures in the first instance, particularly where petitioner requested, but never received, the very remedy respondents now recommend.

The undersigned further recommends that petitioner's motion for judgment on the pleadings, ECF No. 10, be granted on the same grounds set forth above.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner OSCAR OMAR QUIRINO CONTRERAS, A-221-060-104. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.
2. The order specify that it does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal

and petitioner receives notice of that final order of removal.

3. Petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

4. Petitioner's motion for judgment on the pleadings (ECF No. 10) be GRANTED.

5. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release from custody.

6. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE